UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cr-0021 SEB-KPF |
| ) | |
| WILLIAM GUYTON, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on June 28, 2012, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on June 27, 2012, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on September 13, 2012, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1]  The government appeared by Matt Rinka, Assistant United States Attorney; the defendant appeared in person with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender; and Jason Phillips, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Dazey, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Guyton in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Guyton and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Guyton was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Guyton would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Guyton had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Guyton had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation on June 28, 2012.

7. Mr. Dazey stated that William Guyton would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Guyton orally waived the preliminary examination and he was held to answer.

8. Mr. Dazey, counsel for the defendant, moved to continue the revocation hearing until after the State Court proceedings which form the basis of the June 27, 2012 Petition are resolved in Hendricks County. The government did not object to the matter being continued, noting that it would determine whether it eventually would subpoena the witnesses of the alleged domestic battery rather than waiting on any State criminal trial.

9. The Magistrate Judge further finds that the matter would be continued in regard to the June 27, 2012 Petition. Upon the recommendation of Jason Phillips, United States Parole and Probation officer the defendant would be placed in residence at the Residential Reentry Center (RRC), namely, the Volunteers of America, for up to 120 days. This modification of Mr. Guyton's conditions of release is made because the arrest of Mr. Guyton on the Hendricks County charges was not reported to the United States Parole and Probation Office until after the proceedings on the separate Petition before Judge Barker on May 1, 2012.

10. Therefore, after hearing from both counsel for the parties, the Court orders the following:

(A) Modification of the conditions of Mr. Guyton's supervised release to require him to reside for up to 120 days at a Residential Reentry Center (RRC), namely, Volunteers of America, under their rules and regulations. Upon successful completion of that 120 days, he will return to the previously-imposed conditions of supervised release.

(B) The modification is made based upon the fact that the pending case in Hendricks County was unknown to Judge Barker when she conducted the hearing on May 1, 2012.

(C) Mr. Guyton has been in custody on the warrant issued on the June 27, 2012 Petition and will so remain until designated by the Bureau of Prisons to reside at a Residential Reentry Center (RRC), namely, Volunteers of America.

(D) The revocation proceeding will be reset upon either disposition of the pending charges in Hendricks County or government's counsel's determination that the government will proceed by issuing subpoenas to the necessary witnesses independently of the State action.

11. The defendant, by counsel, and the government each presented evidence regarding the issue of whether or not the defendant would remain living at his current address or in custody pending designation to the Volunteers of America.

The defendant will remain in custody pending designation to the Volunteers of America by the Bureau of Prisons.

Mr. Guyton's supervised release is therefore **MODIFIED** and he is required, after designation by the Attorney General or his designee, to reside for up to 120 days at the Volunteers of America, Indianapolis, Indiana, at the discretion of the U. S. Parole and Probation Office. Upon release from the Volunteers of America, Mr. Guyton will be subject to the remainder of the term of supervised release imposed at sentencing.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a modification of conditions of release judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Guyton stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Guyton entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Mr. Guyton's supervised release and requiring him to reside at a Residential Reentry Center, namely, Volunteers of America, Indianapolis, for up to 120 days, at the discretion of the U. S. Parole and Probation Office.

IT IS SO RECOMMENDED this 24th day of September, 2012.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Bill Dazey,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Matt Rinka,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal